UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ERIC BROUGHTON,

                 Petitioner,

v.                                                    Case No. 3:12-cv-466-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                 Respondents.

_____

## ORDER

## I. Status

Petitioner Eric Broughton, initiated this action on April 18, 2012,[1] pursuant to the mailbox rule, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Broughton challenges a 1993 state court (Duval County, Florida) judgment of conviction for robbery with a deadly weapon. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer to Petition for Writ of Habeas Corpus (Response; Doc. 22) with exhibits (Resp.

_____

[1] Broughton filed the Petition in this Court on April 24, 2012; however, giving Broughton the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Broughton handed it to the prison authorities for mailing to this Court (April 18, 2012). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Broughton the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Ex.).[2] On January 3, 2013, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 8), admonishing Broughton regarding his obligations and giving Broughton a time frame in which to submit a reply. Broughton submitted a brief in reply. See Petitioner's Reply to Respondents' Show Cause (Reply; Doc. 25). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[2] See Respondents' Notice of Filing Exhibits (Doc. 17); Index to Appendix (Doc. 22).

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Broughton has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On April 22, 1993, the State of Florida charged Broughton with armed robbery (count one), possession of a firearm by a convicted felon (count two) and aggravated assault on police (count three). Resp. Ex. A, Amended Information. Broughton proceeded to trial on the armed robbery charge, see Resp. Ex. B, Transcript of the Jury Trial (Tr.), at the conclusion of which, on April 30, 1993, a jury found him guilty of robbery with a deadly weapon. See Resp. Ex. C, Verdict; Tr. at 447. The trial court denied Broughton's motion for new trial on May 13, 1993, see Resp. Exs. D; E, and sentenced Broughton to a term of imprisonment of forty years with a fifteen-year mandatory minimum term of imprisonment on May 18, 1993, see Resp. Ex. F, Judgment.

Broughton appealed, and with the benefit of counsel, filed an initial brief, see Resp. Ex. G, and the State filed an answer brief, see Resp. Ex. H. On July 14, 1994, the appellate court affirmed Broughton's conviction and sentence per curiam without issuing a written opinion, see Broughton v. State, 641 So.2d 866 (Fla. 1st DCA 1994); Resp. Ex. I, and the mandate issued on August 1, 1994, see Resp. Ex. J. Broughton did not seek review in the United States Supreme Court.

Broughton's conviction became final on Wednesday, October 12, 1994 (90 days from July 14, 1994). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). On March 15, 1995 (before the effective date of the AEDPA), Broughton filed his first pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Resp. Ex. K. The trial court denied the post conviction motion on May 10, 1995, see Resp. Ex. L, and later denied Broughton's motion for rehearing, see Resp. Exs. M; N. On December 15, 1995, the appellate court affirmed the trial court's denial per curiam, see Broughton v. State, 706 So.2d 287 (Fla. 1st DCA 1995); Resp. Ex. O, and the mandate issued on January 3, 1996, see Resp. Ex. P.

The one-year limitations period in Broughton's case began to run on April 24, 1996, the effective date of the AEDPA. Accordingly, the limitations period expired on April 24, 1997. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) ("The limitations period would have ended on April 24, 1997, the anniversary date of the triggering event, which was AEDPA's effective date."); Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (holding that § 2254 petitions of prisoners whose convictions became final before the passage of the AEDPA are timely if filed within one year from the AEDPA's effective date). The Petition, filed on April 18, 2012, is due to be dismissed as untimely unless Broughton can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Sometime before the fall of 1998, Broughton filed a petition to invoke all writs jurisdiction in the Supreme Court of Florida.[3] On September 21, 1998, the court denied that petition. See Broughton v. State, 725 So.2d 1106 (Fla. 1998); Resp. Ex. Q. For purposes of this Order, this Court will assume that the pendency of the petition tolled the limitations period through September 21, 1998, when the state court denied the petition, and that the

---

[3] Respondents did not submit a copy of the petition, and are uncertain as to when Broughton filed the petition. See Response at 3 n.2.

federal limitations period began to run the next day, September 22, 1998.

On June 25, 1999, Broughton filed his second pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. R. On December 20, 1999, the trial court denied the post conviction motion as untimely and successive. Resp. Ex. S. On appeal, Broughton filed a pro se brief, <u>see</u> Resp. Ex. T, and the State notified the court that it did not intend to file an answer brief, <u>see</u> Resp. Ex. U. On May 4, 2000, the appellate court affirmed the trial court's denial per curiam, <u>see</u> <u>Broughton v. State</u>, 766 So.2d 1045 (Fla. 1st DCA 2000); Resp. Ex. V, and the mandate issued on May 31, 2000, <u>see</u> Resp. Ex. W. The pendency of Broughton's June 25, 1999 Rule 3.850 motion did not toll the running of the one-year limitations period because the motion was not properly filed. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) (stating that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); <u>Rich v. Sec'y for Dep't of Corr.</u>, 512 F. App'x 981, 983 (11th Cir. 2013) (per curiam).

Nevertheless, even assuming that the pendency of Broughton's second Rule 3.850 motion tolled the federal limitations period,[4]

---

[4] The federal limitations period started running on September 22, 1998, and ran for two hundred and seventy-six (276) days when Broughton filed his June 25, 1999 post conviction motion. The motion was pending until mandate issued on May 31, 2000.

Broughton's federal Petition is still untimely filed. See Response

at 8. Broughton had eighty-nine (89) days remaining in the federal

limitations period to file a federal petition, and did not do so.

With the limitations period having expired on August 28, 2000, none

of Broughton's motions filed after August 28, 2000,[5] could toll the

limitations period because there was no period remaining to be

tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir.

2004) (stating that, where a state prisoner files post-conviction

motions in state court after the AEDPA limitations period has

expired, those filings cannot toll the limitations period because

"once a deadline has expired, there is nothing left to toll");

Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam)

("Under § 2244(d)(2), even 'properly filed' state-court petitions

must be 'pending' in order to toll the limitations period. A state-

court petition like [Petitioner]'s that is filed following the

expiration of the limitations period cannot toll that period

because there is no period remaining to be tolled."); Delguidice v.

Fla. Dep't of Corr., 351 F. App'x 425, 429 (11th Cir. 2009)

(stating that, while petitioner's amended Rule 3.850 motion was

submitted within Florida's two-year limitations period, "the

Florida rules do not expand the AEDPA's one-year statute of

---

[5] See Response at 8-9; Resp. Ex. JJ, Circuit Court's docket report; see also Resp. Exs. X, Rule 3.850 Motion, filed March 7, 2005; Z, Motion to Correct Illegal Sentence, filed February 21, 2006; FF, Petition for Writ of Habeas Corpus, filed November 4, 2011.

limitations period, and do not resurrect an expired limitations period[]"). Given the record, Broughton's April 18, 2012 Petition is untimely filed, and due to be dismissed unless Broughton can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation marks omitted); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157-58 (11th Cir. 2014), cert. denied, 135 S.Ct. 1905 (2015). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted). The burden is on Broughton to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle,

379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). In the instant action, Broughton simply has not met the burden of showing that equitable tolling is warranted.[6]

To the extent that Broughton claims he is actually innocent, see Petition at 4; Reply at 1-4, this Court finds that he has not made the requisite showing. To make a showing of actual innocence, Broughton must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

---

[6] "A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing." Cole, 768 F.3d at 1158 (citation omitted).

Id. at 329; see also Sibley v. Culliver, 377 F.3d at 1205 (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted). Moreover, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013). Again stressing that "the Schlup standard is demanding[,]" the Supreme Court has stated: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

Here, Broughton has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Broughton has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Broughton seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Broughton "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Broughton appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of

July, 2015.

MARCIA MORALES HOWARD
United States District Judge

sc 6/30
c:
Eric Broughton
Ass't Attorney General (Conley)